```
 1  EDMUND B. DECHANT #038331
    Attorney at Law
 2  2 E Street
    P.O. Box 1708
 3  Santa Rosa, CA 95402
    (707) 604-0042
 4  Attorney for Plaintiff
    Douglas Duell
 5
                    IN THE UNITED STATES BANKRUPTCY COURT
 6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

 7
    In Re                         Case No.: 10-14154
 8
                                  CHAPTER 13
 9  Douglas Duell
                                  ADVERSARY PROCEEDING
10            Debtor,             TO DETERMINE THE AMOUNT OF THE ALLOWED
                                  SECURED CLAIM OF DEFENDANTS
11  _____/

12  Douglas Duell,

13            Plaintiffs,    AP No.
        vs.
14
    Bank of America; BAC Home Loan
15  Servicing

16            Defendants.
    _____/
17
```

### Introduction

This is an action brought by the Plaintiffs pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the debtors/plaintiff, Douglas Duell, and determine the amount of the allowed secured claim of the Defendant.

### Jurisdiction

1. The Plaintiffs allege that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the

Adversary Proceeding to determine extent of secured claim        1

administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. The Plaintiffs further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

## The Base Case and Parties

3. The underlying Chapter 13 bankruptcy case was commenced by debtor, Douglas Duell, filing of a voluntary petition with the Clerk of this Court on October 29, 2010.

4. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

5. The 341(a) meeting of creditors is scheduled to be held on a date yet to be determined, in Santa Rosa, CA. The plan has been filed, served on the defendant and is awaiting confirmation.

6. The Defendant has filed no objection to confirmation of the plan in this case.

7. The Defendant is, upon information and belief, an entity engaged in the business of consumer credit lending in the State of California, and which maintains a principal place of business in some state other than the State of California.

## Factual Allegations

8. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of Bank of America(hereinafter "defendant")

Adversary Proceeding to determine extent of secured claim     2

for the second deed of trust on the residential real estate of the debtor/plaintiff, Douglas Duell. The plaintiff believed and therefore alleged in their petition and schedules that there was no equity in their residential real estate, commonly known as 16744 Glenda Drive, Guerneville, CA, 95446 AP# 071-120-034-000, to which the second mortgage could secure and, therefore, provided for the claim to be paid as an unsecured claim under the terms of the confirmed plan.

9. The Plaintiffs allege that at the time they filed their bankruptcy petition and at the present time the value of their interest in the said residential real estate was and is approximately $176,000.00.

10. The Plaintiffs' interest in the real estate is subject to a first lien arising out of a mortgage in favor of Bank of America in the amount of $271,181.82.

11. The Plaintiff's interest in their residential real estate is subject to a second lien arising out of a mortgage in favor of defendant in the amount of $16,025.00.

12. The lien securing the second mortgage of defendant is junior to the first mortgage listed above as owing to Bank of America.

13. The Plaintiffs allege that there is no equity in their home, commonly known as 16744 Glenda Drive, Guerneville, CA, 95446 AP# 071-120-034-000, and therefore the defendant has no secured interest for the loan secured by the second deed of trust on the subject real estate.

14. Pursuant to 11 U.S.C. Section 506(a), the defendant has no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

15. Any timely filed claim of the defendant for the second

Adversary Proceeding to determine extent of secured claim    3

mortgage loan is allowable only as an unsecured claim and to the extent that no such claim was filed the defendant have no claim against this estate.

WHEREFORE, the Plaintiffs respectfully pray of the Court as follows:

A. That this Court determine that the defendant has no secured interest for the loan secured by the second deed of trust on the residential real estate of the Debtor/plaintiff commonly known as 16744 Glenda Drive, Guerneville, CA, 95446 AP# 071-120-034-000;

B. That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the debtors within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

C. That this Court direct the Trustee that any timely filed proof of claim of the defendant for the second mortgage lien be treated as an unsecured claim under the plan;

D. That the attorney for the Plaintiff be awarded reasonable legal fees;

E. That the Plaintiff recover their costs and expenses from the defendant; and

F. That the Plaintiff have such other and further relief as to the Court may seem just and proper.

Dated: November 5, 2010

_/s/_____
Edmund Dechant,
Attorney at Law

Adversary Proceeding to determine extent of secured claim           4